# CIRCUIT COURT OF CHESTERFIELD COUNTY

Sharon Weaver Choice

v.

George Thomas Kruse

April 26, 2001

Case No. CL00-775

BY JUDGE CLEO E. POWELL

This matter came before the Court on the defendant's Motion to Exclude Amounts Discharged in Bankruptcy. The plaintiff in this case submits that due to the economic impact of her injuries, she was forced to declare bankruptcy. Medical expenses which resulted from the injury have been discharged in bankruptcy.[1] The question before this Court is whether the plaintiff can present evidence of the expenses which have been discharged in bankruptcy to a jury. Having heard the arguments of counsel and having reviewed the pertinent law, the Court finds that the plaintiff may not present such evidence.

Plaintiff argues that the collateral source rule endorsed by the Supreme Court in *Acuar v. Letourneau*, 260 Va. 180 (2000), governs her situation. As expressed in *Acuar*, the fundamental purpose of the collateral source rule is to prevent a tortfeasor from deriving any benefit from compensation or indemnity an injured party has received from a collateral source. As the Court stated "the focal point of the rule is whether a tort victim has received benefits from a collateral source that cannot be used to reduce the amount of damages owed by a tortfeasor." *Acuar* at 22.

---

[1] It is unclear from the arguments and the law whether all of Plaintiff's pre-petition medical expenses (both listed and unlisted) were discharged in bankruptcy. The Court instructs the parties to resolve the answer to this question prior to trial.

14

While the Plaintiff makes an interesting argument, the Court finds the rationale of *Acuar* inapplicable to this case for two reasons. First, as the Supreme Court stated, the focal point of the rule is that the plaintiff has received benefits, e.g. compensation, indemnity, or write-off, from a third party. This rule historically has been applied in the situation where a third party, such as an insurer, employer, family member, etc., acts on the plaintiff's behalf. In the bankruptcy situation, however, no third party as such benefits the plaintiff. Rather, the plaintiff, whether of necessity or not, creates the windfall by her own act. *See, Oliver v. Heritage Mutual Ins. Co.*, 505 N.W.2d 452 (Wis. App. 1993), which this Court finds persuasive. Moreover, as opposed to the intervention of a third party, debts discharged in bankruptcy become unrecoverable by operation of law. *See, Olariu v. Marrero*, 2001 WL 173849 (Ga. App. 2001) at 11. While Plaintiff argues that the Court should treat her bankruptcy in the same manner as a benefit bestowed by Medicaid or Medicare, the Court declines to do so, finding those benefits to be more closely related to an insurance situation than a discharge of debt by operation of the bankruptcy law.

Second, while this Court by no means attempts to infer the motive for plaintiff's bankruptcy filing, this Court adopts the persuasive rationale of the Richmond Circuit Court and the Georgia Court of Appeals that to allow the position endorsed by plaintiff might encourage the filing of bankruptcies. As Judge Johnson stated in *Walker v. Long*, Case No. LU-3591 (Richmond City 1993), I do not believe that there should be a judicial rule which tends to encourage a plaintiff to file bankruptcy and still receive money for payment of debts which the bankruptcy has discharged. *See, Walker, supra.*

Based on the foregoing, plaintiff may not recover from defendant medical bills which have been discharged by plaintiff's bankruptcy.